UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN CRAIG STEVENS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 1:12-cv-0020- BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DETERMINE ERROR AND DIRECTING THE CLERK TO RETURN PLAINTIFF'S FUTURE SUBMISSIONS WITHOUT DOCKETING**<br><br>(Docs. 39, 40, 41) |

　　　　Presently before the Court is Plaintiff's Motion to Determine the Court's Error, filed in triplicate on September 25, 2014; November 3, 2014, and March 9, 2015. (Docs. 39, 40, 41). Judgment was entered in this case on March 29, 2013, yet Plaintiff Ryan Stevens continues to file objections and motions for reconsideration of various orders of this Court.  (Docs. 39, 40, 41). Plaintiff's previous motions for reconsideration were denied (Docs. 33, 35, 38), and the Court warned Plaintiff that his case is closed and any subsequent attempts at reconsideration would be denied and summarily stricken from the record. (Doc. 38).  Nonetheless, the Court is particularly sensitive to the challenges faced by *pro se* litigants unfamiliar with the judicial process (S*ee Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1988), and in an effort to fully and finally respond to Plaintiff's concerns, the Court will address the issues outlined in Plaintiff's Motion to Determine Error one last time.

1

Plaintiff's Motion identifies seven issues, but the Court categorizes Plaintiff's Motion as comprising two primary complaints: (1) the Court erred in issuing a decision denying Plaintiff's social security appeal without requiring Plaintiff to file a reply brief; and (2) the Court improperly considered the Commissioner's untimely opposition brief. (Doc. 38).

Plaintiff asks the Court to explain why it failed to issue an "Order to Show Cause" requiring Plaintiff to file a "Reply Brief" before resolving the merits of Plaintiff's social security appeal. (Docs. 39, 40, 41). Plaintiff argues that by addressing Plaintiff's social security appeal without considering "a full briefing," the Court failed its duty to construe Plaintiff's pleading liberally.

To the contrary, a reply brief by the moving party is optional. Plaintiff was served with the "Pro Se Informational Order" on January 12, 2012, which explicitly informed Plaintiff that while Plaintiff "must" file an opening brief; Plaintiff "may file a reply brief, but is not required to do so." Indeed, this Court issued an Order to Show Cause for Plaintiff to file his opening brief when Plaintiff failed to follow the Court's order. Local Rule 183 (pro se litigants are required to know the Local Rules and Federal Rules of Civil Procedure). Plaintiff confuses a reply brief, which is optional, with the requirement for Plaintiff to file an opening brief. (Doc. 8 at 6). Plaintiff was not required to file a reply brief, and therefore, the Court did not require Plaintiff to do so. The Court addressed the merits of Plaintiff's social security appeal based on a full and complete record. This Court is vastly familiar with social security issues, and indeed, the Court liberally construed the arguments raised by Plaintiff as a pro se plaintiff.

Plaintiff also argues that the Court failed to acknowledge that the Commissioner's opposition brief was untimely filed and served. This is an objection Plaintiff made in a prior motion, and the Court has already addressed the objection. Once again, while the Commissioner's brief was timely filed on February 7, 2013, the Commissioner's brief was postmarked on February 8, 2013. To the extent that the Commissioner's brief was untimely served, the Court has excused the delay. Indeed, the Court excused the one day delay, just as the Court excused Plaintiff's delay in filing his opening brief, three months after the deadline.

The Court has addressed the issues raised in Plaintiff's recent filings on multiple occasions, and Plaintiff has continued to file motions requesting that the Court reconsider its prior rulings. Such

1  requests are improper. Local Rule 230(j). Accordingly, based on the Court's prior instructions and
2  warnings, Plaintiff's duplicative Motion to Determine the Court's Error is HEREBY DENIED AS
3  MOOT. (Docs. 39, 40, 41).
4       Plaintiff is further advised that this Order constitutes the Court's final warning to Plaintiff.
5  Any future improper motions will be returned to Plaintiff without filing on the Court's docket. The
6  Clerk of the Court is DIRECTED to return to Plaintiff to his address of record, without docketing, any
7  improper documents submitted in connection with Plaintiff's social security appeal.

9  IT IS SO ORDERED.

10      Dated:   **March 26, 2015**          /s/ *Barbara A. McAuliffe*
11                                                    UNITED STATES MAGISTRATE JUDGE